F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 9 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN P. CALCARI,

      Petitioner-Appellant,

v.

EXECUTIVE DIRECTOR JOE ORTIZ
and THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 04-1422
(D.C. No. 04-Z-1298)
(D. Colo.)

**ORDER DENYING A CERTIFICATE OF
APPEALABILITY**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Brian Calcari, a state prisoner proceeding pro se, requests a certificate of

appealability ("COA") in order to appeal the district court's dismissal of his 28 U.S.C.

§ 2254 petition. Because we agree with the district court that Calcari's petition is time-

barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d), we **DENY** a

COA and **DISMISS**.[1]

---

[1] A COA may issue only upon "a substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to
establish "that reasonable jurists could debate whether (or, for that matter, agree that) the
petition should have been resolved in a different manner or that the issues presented were

Taking the facts from the district court's Order and Judgment of Dismissal, we note that Calcari is a prisoner in custody of the Colorado Department of Corrections whose conviction became final pursuant to a state court judgment on April 19, 1999, when the Colorado Supreme Court denied his petition for certiorari on direct review. For purposes of § 2244(d)'s one-year limitation period, that judgment became final on July 18, 1999, after the ninety days for filing for review in the United States Supreme Court expired. Calcari did not file for state post-conviction relief pursuant to Colo. R. Crim. P. 35(c) until November 23, 2001, well after the one-year limitation under § 2244(d) had already passed on July 18, 2000. Rather than initially pursue state post-conviction review of his claims, Calcari first sought relief in federal district court and then on appeal to the Tenth Circuit. We dismissed his petition and denied his request for a COA because it contained both exhausted and unexhausted claims. Calcari v. Suthers, No. 00-1304, 2000 WL 1853952 (10th Cir. Dec. 19, 2000). He subsequently filed a petition for certiorari before the United States Supreme Court, which was denied on June 8, 2001.

Construing his complaint as presented by the district court and his brief on appeal liberally, as we must, Haines v. Kerner, 404 U.S. 519, 520–21 (1972), he argues that he is entitled to equitable tolling for the period in which he diligently, although misguidedly, pursued his claims in federal court before filing for post-conviction relief in Colorado

---

adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

state court. Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Because the statute does not provide for tolling while a petitioner seeks review in federal court prior to filing for state court relief, the district court found that the one-year period for filing his § 2254 petition had run. See Duncan v. Walker, 533 U.S. 167, 172 (2001) (holding that a federal habeas petition does not toll the one-year limitation period under § 2244(d)(2)). We agree.

We note, however, that the district court also considered whether the one-year limitation ran even if equitable tolling were to apply to the time during which Calcari pursued his first § 2254 petition.[2] The district court found that almost seven months transpired between July 18, 1999, when his sentence became final, and February 10, 2000, when he filed his first habeas petition. Additionally, over five months lapsed between the time the United States Supreme Court denied certiorari for his first habeas petition on June 18, 2001 and November 23, 2001, the date he filed for state post-conviction relief. The district court concluded that even if the time during which he sought his first habeas petition tolled the one-year limitation, that period "expired during the almost twelve months" before the first habeas petition was filed, and after the

---

[2] Because his first § 2254 petition was dismissed for failure to exhaust state remedies, he does not have to obtain authorization from this court in order to file the present petition. See Slack, 529 U.S. at 487.

dismissal of his federal petition was affirmed on appeal. Because "almost twelve" months would not exhaust a one-year limitation period, if equitable tolling were appropriate, his present petition would not be time-barred. However, because Calcari's petition presents no "rare and exceptional circumstances," <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000), equitable tolling is not appropriate. <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) (noting, for example, that equitable tolling would be appropriate in cases of actual innocence).

Accordingly, we **DENY** petitioner's request for a COA and **DISMISS**. We also **DENY** Calcari's motion to proceed in forma pauperis pursuant to 29 U.S.C. § 1915(a)(3) on appeal for substantially the same reasons as the district court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

4